46 F.3d 1131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry GUY, Petitioner-Appellant,
v.
William S. OVERTON, Respondent-Appellee.
 No. 94-1298.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1995.
 
 Before: ENGEL, NORRIS and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The petitioner, Larry Guy, is an inmate in a Michigan state correctional facility, where he is serving four concurrent life sentences for assault to commit murder and a mandatory two-year sentence for felony firearm possession. His convictions were upheld by the Michigan Court of Appeals, and review was denied by the Michigan Supreme Court.
 
 
 2
 Guy then filed a petition for a writ of habeas corpus in federal court, pursuant to 28 U.S.C. Sec. 2254. In it, he contended that the trial court deprived him of due process by denying his motion for a change of venue; that there was insufficient evidence to identify him as the person who committed the cited crimes; that there was insufficient evidence to show that he possessed the requisite intent; and that the trial court abused its discretion by exceeding Michigan's recommended sentencing guidelines. The district court denied relief, and this appeal ensued. We find no basis upon which to reverse the district court's decision and affirm.
 
 
 3
 Indeed, after studying the record, including relevant portions of the transcript of the trial proceedings in state court, we conclude that the district court's extensive analysis and treatment of each of the individual issues in this case is both factually correct and legally sound. After setting out his reasoning at some length, the district judge concluded his opinion with the following concise summary of the basis for denying habeas corpus relief in this case:
 
 
 4
 Petitioner was not denied his constitutional right to a speedy trial. Although Petitioner's trial began over two years after he was arrested and released on bond, most of the delay was caused by the court system and by Petitioner's requests for adjournments. Only a single month of the delay was directly attributable to the prosecution. Moreover, Petitioner has not demonstrated that the delays caused him any prejudice, much less the substantially injurious prejudice required to warrant habeas corpus relief.
 
 
 5
 Petitioner was not denied a fair trial by adverse pretrial publicity and denial of a change of venue. After lengthy voir dire proceedings, an unbiased jury was seated.
 
 
 6
 Despite the fact that no witness was able to positively identify Petitioner as being present at the crime scene, there was constitutionally sufficient evidence presented to support Petitioner's conviction. The identification testimony, the motive evidence, the weapons and ballistics evidence, the evidence regarding the car used by the perpetrators, and the unique personal-revenge nature of this crime together constitute substantial evidence of Petitioner's personal participation in the armed assault on the Boards' home. There was sufficient evidence presented for a reasonable jury to find beyond a reasonable doubt that Petitioner participated in the armed assault on the Boards' home.
 
 
 7
 Finally, Petitioner's sentencing claims are without merit. There is no reason to believe that his sentence was increased for assertion of a constitutional right. Nor did he have a constitutional right to be sentenced within the recommended guideline sentence range.
 
 
 8
 Consequently, Petitioner is not entitled to habeas corpus relief.
 
 
 9
 We concur in this conclusion and AFFIRM the district court's judgment.